FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 9:34 am, Dec 22, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| RANDY JENKINS HARMON, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-35 |
| v. | |
| DOUG WILLIAMS, et al., in their individual and official capacities, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 3.[1] This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

---

[1] Plaintiff filed his Complaint on April 29, 2019. However, on September 19, 2019, Plaintiff filed an Amended Complaint. Doc. 3. Plaintiff's initial Complaint had not yet been served on any Defendants, and none of the Defendants have filed any responsive pleading which would join them to the case; thus, Plaintiff may amend as a matter of right. Fed. R. Civ. P. 15(a); Oliver v. Fuhrman, 695 F. App'x 436, 439 (11th Cir. 2017) (citing Brown v. Johnson, 387 F.3d 1344, 1348–49 (11th Cir. 2004)). Therefore, the Court will treat Plaintiff's Amended Complaint as the operative Complaint.

## PLAINTIFF'S CLAIMS[2]

Plaintiff, proceeding pro se, brings this action under § 1983, asserting false imprisonment claims and due process claims related to the grievance process utilized by the prison in resolving his claim of false imprisonment.  Doc. 3.  Plaintiff sues Defendant Williams, as the former Warden of Hancock State Prison, and Defendant Dozier, as the former Commissioner of the Department of Corrections, Defendant Smith, and Defendant Kilpatrick, the current Warden of Hancock Prison for these claims.  Id.

Generally, Plaintiff claims he has been illegally held in custody since April 29, 2013.  Plaintiff's claims are ostensibly based on two distinct time periods.[3]  First, Plaintiff claims he was illegally imprisoned after he completed a sentence imposed by a court in Clayton County, Georgia, on April 29, 2013, and he remained illegally imprisoned until his next sentence was imposed by a court in Muscogee County, Georgia, on September 30, 2013 ("Muscogee County sentence").  Id. at 5.  Second, regarding the Muscogee County sentence, Plaintiff claims this sentence was ineffective due to a clerical error, and, therefore, he has been illegally imprisoned based on that sentence since September 30, 2013.  Id.

As factual background, Plaintiff explains that on January 7, 2013, he returned to prison to serve the remaining three months of a sentence imposed in Clayton County, which was set to end on April 29, 2013.  Id.  Plaintiff refers to this sentence as his First Clayton County sentence, and so will the Court.  Plaintiff acknowledges he received a Second Clayton County sentence, though

---

[2] All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 3.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

[3] Plaintiff's allegations are somewhat difficult to decipher.  However, the Court has construed Plaintiff's claims liberally, treated Plaintiff's allegations as true, and has endeavored to read Plaintiff's Complaint in the light most favorable to him.

2

he provides few details about that sentence. Plaintiff does allege the Second Clayton County sentence was vacated at some point and replaced with a sentence of 12 months, time served. Id. The circumstances and timing of the vacatur are unclear. Regardless, in Plaintiff's view, he was not to be incarcerated on either the First Clayton sentence or the Second Clayton sentence after April 29, 2013. Id. Nevertheless, Plaintiff remained imprisoned. Id. Plaintiff contends his custody during this time was illegal because no sentence was in effect. Thus, Plaintiff brings a false imprisonment claim against Defendants Dozier, Smith, and Williams relating to his time in prison from April 29, 2013 to September 30, 2013. Doc. 3-1 at 5.

Plaintiff further alleges his Muscogee County sentence was imposed on September 30, 2013, but Plaintiff contends that sentence was ineffective due to a filing mistake by the clerk of court. Doc. 3 at 5. Plaintiff further explains that on August 4, 2017, he filed a grievance stating, "he is being unlawfully held against his will." Id. Plaintiff brings a claim against Defendants Dozier, Smith, Williams, and Kilpatrick for false imprisonment related to his Muscogee County sentence and time served on that sentence. Doc. 3 at 5.

In addition to claims of false imprisonment, Plaintiff alleges claims related to Defendants' handling of his prison grievances related to his purportedly illegal confinement. Specifically, Plaintiff brings a claim against Defendant Smith for failing to investigate his claim of false imprisonment, which she became aware of through his administrative grievance. Id. Plaintiff also alleges he filed administrative grievances that were appealed and denied at different levels by Defendants Dozier, Williams, Smith, and Kilpatrick, respectively. Doc. 3 at 5; Doc. 3-1 at 3–4. Plaintiff complains Defendants failed to provide a timely response to his grievances and failed to properly investigate his grievances, violating his rights. Doc. 3-1 at 4–7. Plaintiff

seeks a declaratory judgment, fees, monetary damages, and injunctive relief for the alleged violations of his constitutional rights.[4]  Doc. 3 at 6; Doc. 3-1 at 8.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

---

[4] In terms of injunctive relief, it does not appear Plaintiff seeks release from custody.  Rather, he asks that his institutional account and record of any incident reports, disciplinary reports, and other investigative reports from August 17, 2017 to July 23, 2018 be expunged.  Doc. 3-1 at 8.  It is unclear how this request for relief is tied to Plaintiff's underlying claims.

**DISCUSSION**

**I.    Official Capacity Claims**

It is unclear whether Plaintiff is suing Defendants in their individual or official capacities. To the extent Plaintiff is suing Defendants in their official capacities, however, he cannot sustain a § 1983 claim for monetary damages against Defendants. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities. Accordingly, the Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities. Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

**II.    Plaintiff's Claims for False Imprisonment**

As explained above, Plaintiff ostensibly brings two distinct claims for false imprisonment. First, Plaintiff argues he was falsely imprisoned from April 23, 2013 to September 30, 2013, because he had finished serving his Clayton County sentences and no other valid sentence yet existed. Doc. 3 at 5. Second, Plaintiff argues he is currently falsely

imprisoned after September 30, 2013, because the Muscogee County sentence is ineffective due to a filing error by the clerk. Id. The Court addresses each of these claims in turn.

### A. April 23, 2013 to September 30, 2013

Plaintiff's first false imprisonment claim in violation of his constitutional rights stems from his imprisonment between April 23, 2013 to September 30, 2013. Doc. 3 at 5. Plaintiff alleges he returned to prison to finish serving the remaining three months of his First Clayton County sentence. Id. Though Plaintiff had a Second Clayton County sentence, he alleges that sentence was vacated and he should have been released on April 23, 2013. Id. Further, his Muscogee County sentence had not yet been imposed, effectively or otherwise. Id. However, Plaintiff remained imprisoned, violating his rights. Id.

Plaintiff's false imprisonment claim from April 23, 2013 to September 30, 2013 is barred by the applicable statute of limitations. Constitutional claims brought pursuant to § 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). Generally, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id.

False arrest and false imprisonment are often referred to together. Wallace v. Kato, 549 U.S. 384, 388–89 (2007). "A claim for false arrest without a warrant accrues 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain

6

relief.'" White v. Hiers, 652 F. App'x 784, 786 (11th Cir. 2016) (quoting Wallace, 549 U.S. at 388). Because "a false imprisonment consists of detention without legal process, a false imprisonment ends once the plaintiff becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." Id. (quoting Wallace, 549 U.S. at 389); accord Burgest v. McAfee, 264 F. App'x 850, 852 (11th Cir. 2008); Jones v. Union City, 450 F. App'x 807, 809 (11th Cir. 2011).

Plaintiff states he was falsely imprisoned from April 23, 2013 to September 30, 2013. Doc. 3 at 5. Under applicable law, the two-year statute of limitations began to run, at the latest, on the date Plaintiff was held pursuant to the Muscogee County charges. Plaintiff's Complaint is untimely under Georgia's applicable statute of limitations. Thus, absent any basis for tolling, Plaintiff's claim is barred by the statute of limitations.

Here, there is no apparent basis for tolling Plaintiff's claim. See Bridgewater v. DeKalb County, No. 1:10-cv-1082, 2010 WL 11507266, at *6–8 (N.D. Ga. July 12, 2010) (providing a discussion on the tolling provisions available under Georgia and federal law). Georgia law provides the limitations period may be tolled in the following circumstances: (1) the party is legally incompetent, O.C.G.A. § 9-3-90; (2) the person becomes legally incompetent after the right accrues, O.C.G.A. § 9-3-91; (3) an estate becomes unrepresented, O.C.G.A. §§ 9-3-92, 9-3-93; (4) the defendant is absent from the State, O.C.G.A. § 9-3-94; (5) one party in a joint action is legally incompetent, O.C.G.A. § 9-3-95; (6) there is fraud by the defendant, O.C.G.A. 9-3-36; (7) there are counterclaims and cross claims, O.C.G.A. § 9-3-37; (8) the party is bringing a medical malpractice claim, O.C.G.A. § 9-3-97.1; (9) a tort arises from a crime, O.C.G.A. § 9-3-99; and (10) there is a non-statutory basis for equitable tolling. Bridgewater, 2010 WL

11507266, at *6 (citing State v. Private Truck Council, Inc., 371 S.Ed.2d 378, 380–81 (Ga. 1988)).

Additionally, there is no basis for non-statutory equitable tolling in this case. "Georgia's non-statutory doctrine of equitable tolling is extremely narrow," and the only discussion of non-statutory equitable tolling in the Georgia courts is in the context of a class action lawsuit. See Bridgewater, 2010 WL 11507266, at *7 (citing Hicks v. City of Savannah, No. 4:08-cv-06, 2008 WL 2677128, *2 (S.D. Ga. July 8, 2008), and Private Truck Council of Am., Inc., 371 S.E.2d at 380). Because Plaintiff brings a § 1983 claim and not a class action, the claim is not tolled under Georgia's non-statutory equitable tolling. See Bridgewater, 2010 WL 11507266, at *7 (holding same). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim.

### B.      September 30, 2013 Onward

As explained above, Plaintiff brings a false imprisonment claim against Defendants Williams, Dozier, and Smith for holding him from September 30, 2013 onward. Doc. 3 at 5. This current period of confinement relates to Plaintiff's criminal cases in Muscogee County. Id. Plaintiff claims the Muscogee County sentence is ineffective due to a filing error by the clerk, and, therefore, he is being falsely imprisoned and has been since September 30, 2013. Id.

In order to bring a § 1983 action for damages which "challenge[s] the validity of [an] outstanding criminal judgment[]," a plaintiff must first "prove the unlawfulness of his confinement or conviction." Heck v. Humphrey, 512 U.S. 477, 486 (1994). To show an unlawful conviction or confinement, the plaintiff must demonstrate that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Id. at 486–87. If "a judgment in favor of the plaintiff

8

would necessarily imply the invalidity of his conviction or sentence," and the sentence has not already been invalidated, the court must dismiss the complaint.  Id. at 487 ("A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.").  Conversely, "as long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not Heck-barred."  Dyer v. Lee, 488 F.3d 876, 879–80 (11th Cir. 2007).

Here, Plaintiff alleges Defendants are imprisoning him unlawfully because his sentence related to his Muscogee County cases is not effective due to a clerical error.  Doc. 3 at 5.  However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck, 512 U.S. at 487.  Thus, to the extent Plaintiff's claim in this case is based on improper imprisonment resulting from an ineffective sentence, it is not actionable in a § 1983 suit and should be dismissed for failure to state a claim.

**III.     Plaintiff's Claims Related to the Administrative Grievance Process**

Plaintiff brings claims against Defendants for their failure to properly investigate and respond to his administrative grievance within the time frame prescribed by prison policy.  Doc. 3-1 at 5–7.

There is no constitutionally protected liberty interest in a grievance process, including the investigation of grievances.  The Eleventh Circuit Court of Appeals has joined other Circuits in holding "that a prisoner does not have a constitutionally protected liberty interest in an inmate grievance procedure."  Dunn v. Martin, 178 F. App'x 876, 878 (11th Cir. 2006); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("A state-created prison grievance procedure is

simply a procedural right and does not confer any substantive right upon an inmate."). "Simply put, a prison official's failure to timely process a grievance form, investigate it, or otherwise respond to a grievance is not actionable under § 1983." Wromas v. Cruz, Case No. 2:17-cv-155, 2018 WL 2318038, at *2 (M.D. Fla. May 22, 2018). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Dozier, Williams, Smith, and Kilpatrick related to their investigation and response to Plaintiff's grievances.

## IV.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.[5] Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

---

[5] The Court notes the statute of limitations ran on Plaintiff's first false imprisonment claim, and thus, a dismissal of such claims is arguably "with prejudice." See Stephenson v. Doe, 554 F. App'x 835, 837 (11th Cir. 2014) ("[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." (citing Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993))). If a dismissal of this action is effectively with prejudice, dismissal is nonetheless appropriate, as the recommended dismissal is based on Plaintiff's failure to state a claim and, thus, would constitute a judgment on the merits. See White v. Lemma, 947 F.3d 1373, 1377 (11th Cir. 2020); see also NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) ("[D]ismissal on the grounds that the facts and law show no right to relief operates as an adjudication on the merits.").

11

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 22nd day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA